OPINION OF THE COURT
John DiNoto, J.
The petition, in the nature of a writ of mandamus, brought *980 by order to show cause in the above-captioned CPLR article 78 proceeding is dismissed in its entirety.
The relief sought by the petitioner is an order of this court directing the respondent, New York State Department of Environmental Conservation, to issue a permit to the petitioner, Pebble Cove Home Owners’ Association, Inc., approving the petitioner’s leveling of ocean beach sand at premises owned by the petitioner at Atlantic Beach, on Long Island’s south shore, or, in the alternative, declared that such leveling may take place without the necessity of such permit.
In denying the instant petition and granting a judgment in favor of the respondent on the counterclaim interposed by the respondent herein, the following findings of fact are made based solely upon the papers submitted for this court’s consideration.
FINDINGS OF FACT
1. The petitioner is incorporated under the Not-For-Profit Corporation Law.
2. The petitioner is the owner of certain real property in the Village of Atlantic Beach fronting on the Atlantic Ocean and extending from approximately Rensselaer Court to Ulster Court in the said village.
3. The ocean beach frontage of the petitioner’s premises is approximately 1,200 feet of tidal wetland.
4. The respondent is a department of the State of New York charged, inter alia, with the duty of maintaining and protecting the environmental health of the State of New York.
5. The Piping Plover is an endangered and protected migratory bird species.
6. At or near the petitioner’s premises is the habitat for the Piping Plover.
7. In July of 1987 and May of 1988, the petitioner unlawfully altered the natural beach topography of the tidal wetlands adjacent to the petitioner’s premises without a permit in violation of the Tidal Wetlands Act (ECL 25-0401).
8. The petitioner’s unpermitted tidal wetland alteration may have been responsible for the disruption of the Piping Plover’s habitat, the injury of a Piping Plover chick, and the death of the injured chick.
9. On May 25, 1988, the petitioner submitted an application to the New York State Department of Environmental Conser *981 vation for a permit for the "re-grading of sand that has built up during winter season” at the tidal wetlands located adjacent to the petitioner’s premises.
10. By letter dated July 18, 1988, the respondent notified the petitioner that review of its application was suspended pursuant to 6 NYCRR 621.3 (e) which regulation states in pertinent part: "If, at any time during the review of an application for a permit, an enforcement action is begun against the applicant for an alleged violation of State law related to the activity for which the permit is sought, the department may suspend all further processing and review of the application, with written notice to the applicant, pending final resolution of such action.”
11. To date the respondent has refused to process the petitioner’s hereinabove-described application for a permit.
12. The respondent has not committed any violation of law or procedure in its review or processing of the petitioner’s application for the hereinabove-described permit.
13. The respondent’s suspension of the petitioner’s permit application was lawful and proper in all respects.
This matter presents issues and problems which in this day and age must be approached and solved with understanding and conscience. Man’s environment and habitat is in competition with those of the creatures of the wild especially in our increasingly overcrowded communities. Courts and agencies are called upon more and more frequently to resolve the clashes between man and wildlife.
How many of us have heard of the Piping Plover? How important is its preservation? How important is it to be strict with respect to the guidelines set down for the alteration of our environment wherever geographically we happen to be?
The dwindling flights of the Piping Plover and its nesting areas must be preserved wherever and whenever possible. The lofty ideals, goals, and ambitions of the State in preserving our inherited environment must be implemented whenever and wherever possible.
The earthly desires and designs of the petitioner in this matter must also be considered and permitted if reasonable and compatible with existing law, rule, and regulation.
In this case, however, the relief requested by petitioner is not reasonable and not compatible with existing strictures. The two competing environments being evaluated by the court are just that: competition for space, for enjoyment, for living, *982 and for the future. The petitioner herein has not complied with the Department of Environmental Conservation with respect to altering tidal wetlands. They have, in fact, on their own, attempted to displace and alter and supplant the existing area in question. What nature has created, albeit by enveloping manmade debris, no man should put asunder without reasonable cause and permission. The seaside petitioner must anticipate and live with the bad (sand blowing on their lawns) as well as the good derived from seaside living.
Petitioner’s necessary resort to the State in this enlightened age of conservation must be strictly monitored, and petitioner’s adherence to the law must be strictly enforced.
The Piping Plover is a real factor and a real symbol in our evolved environmental thinking.
The present structure and concept of our human and wild habitats militate toward compromise only within the parameters of rules, regulations, and licensing procedures imposed upon men and implemented on behalf of our wildlife.
Accordingly, it is the judgment of this court that the petitioner altered a tidal wetland without a permit to do so and that such activity is a violation of ECL 25-0401.
Therefore, it is the order of this court that the petitioner is herewith enjoined from making any further alteration of the tidal wetland adjacent to its premises without a permit issued by the respondent authorizing such alteration.
The respondent is herewith awarded a judgment on its counterclaim in accordance with the terms of this decision, and its counterclaim is, in all other respects, dismissed.